UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-10698-GAO

THE PHOENIX INSURANCE COMPANY (a/s/o Annette Defarias and Paul Defarias),
Plaintiff,

v.

WILLIAM DELANGIS (d/b/a American Door, Window & Insulation)
Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION
March 13, 2015

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the defendant's motion to dismiss be granted. There have been no objections to the magistrate judge's report and recommendation.

Having reviewed the relevant pleadings and submissions, I approve and ADOPT the magistrate judge's recommendation in its entirety.

Accordingly, the Defendant's Motion (dkt. no. 8) to Dismiss is GRANTED. The Complaint is DISMISSED WITHOUT PREJUDICE.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THE PHOENIX INSURANCE COMPANY,
a/s/o Annette Defarias and Paul Defarias,
    Plaintiff,

v.                                                               CIVIL ACTION NO. 14-10698-GAO

WILLIAM DELANGIS
d/b/a American Door, Window & Insulation,
    Defendant.

REPORT AND RECOMMENDATION ON
MOTION TO DISMISS OF THE DEFENDANT, WILLIAM DELANGIS d/b/a/
AMERICAN DOOR, WINDOW & INSULATION (#8)

KELLEY, U.S.M.J.

I. Introduction

On March 11, 2014, The Phoenix Insurance Company, as subrogee of Annette Defarias and Paul Defarias ("the homeowners"), filed a negligence complaint against William Delangis d/b/a American Door, Window & Insulation, for property damage to the Defariases' home. Plaintiff paid the homeowners $199,675.50 for the damage done to their home in a fire and now seeks to recover that amount from Defendant. Delangis has moved to dismiss the complaint under Rule 12(b)(7), Fed. R. Civ. P., for

failure to join the homeowners under Rule 19, Fed. R. Civ. P., arguing that they are necessary and indispensable parties.

II. The Facts

According to the allegations of the complaint, Phoenix is a duly organized insurance company under the laws of the state of Connecticut authorized to issue policies of insurance within the Commonwealth of Massachusetts. (#1 ¶ 1.) The Defariases are owners of a home in Saugus, Massachusetts which, at the relevant time, was insured by Plaintiff. (#1 ¶¶ 1, 6, 19, 21.) Delangis is a contractor who resides in Saugus, Massachusetts; he does business under the name American Door, Window & Insulation. (#1 ¶ 2.) The jurisdictional basis for the suit is diversity between the parties with damages in excess of $75,000 under 28 U.S.C. § 1332. (#1 ¶ 3.)

In 2013 the homeowners received an energy audit on their home under a program called Mass Save. (#1 ¶ 7.) Based on the results of the audit, it was recommended that their house be insulated. *Id.* Because they were eligible for financial assistance, they contacted Lynn Economic Opportunity, Inc., which in turn contracted with Delangis to install blown in cellulose insulation into their home. (#1 ¶¶ 8, 9.)

Defendant installed the blown in cellulose insulation into the home in April 2013. (#1 ¶ 10.) During a test of the furnace at the house on April 17, 2013, a fire

started in the heating vent. (#1 ¶ 11.) An investigation into the origin and cause of the fire revealed that the blown in cellulose insulation installed by Delangis had dropped down into the furnace through a gap directly over the heating vent. (#1 ¶¶ 14, 15.) The insulation ignited when the furnace was turned on. (#1 ¶ 17.) The fire caused smoke damage throughout the home. (#1 ¶ 12.)

Phoenix made payments totaling $199,675.50. to the homeowners for the damage. (#1 ¶ 19.) Consequent to these payments, Plaintiff became subrogated to the Defariases' rights in that amount against Delangis. (#1 ¶ 21.) Phoenix alleges that Delangis' work was negligent and, as a result of that negligence, the cellulose insulation ignited when the furnace was turned on, causing significant damage to the interior of the house as well as the contents in the home. (#1 ¶¶ 16, 17, 18.) Plaintiff seeks to recover the amount it paid to its insureds from Delangis, plus prejudgment interest, costs and attorneys' fees.

Defendant has filed a motion to dismiss (#8) pursuant to Fed. R. Civ. P. 12(b)(7) for "failure to join a party under Rule 19." Delangis argues that in a partial subrogation case such as the one at bar, both the subrogor and the subrogee, i.e., the homeowners and Phoenix, are necessary and indispensable parties. Joining the homeowners as parties to this action, however, would destroy diversity given that both the homeowners and Delangis reside in the Commonwealth of Massachusetts. In the

absence of complete diversity the Court would have no jurisdiction, and so Defendant asserts the complaint must be dismissed.

Phoenix opposes the motion to dismiss, arguing that under Fed. R. Civ. P. 19, the Defariases are not necessary parties to this litigation and, even if they were, they are not indispensable parties. (#10.)

### III. The Law

Rule 12(b)(7), Fed. R. Civ. P., provides that a defendant may move to dismiss a claim when a plaintiff fails to join a required party under Rule 19, Fed. R. Civ. P. *Cabrera-Morales v. UBS Trust Co.*, 769 F. Supp.2d 67, 70 (D. P.R. 2011); *Raytheon Co. v. Continental Cas. Co.*, 123 F. Supp.2d 22, 32 (D. Mass. 2000) ("Dismissal under Rule 12(b)(7) is governed by Rule 19 of the Federal Rules of Civil Procedure." (footnote omitted)). Although the First Circuit has yet to have occasion specifically to address the question of who carries the burden on a motion brought pursuant to Rule 12(b)(7),

> those courts of appeals that have addressed the issue all lay the burden upon the defendant .... We adopt this standard as our own. Therefore, compulsory joinder or dismissal for failure to join an indispensable party will only be ordered where the movant has carried the burden of producing evidence which shows the nature of the interest possessed by the absentee and that the protection of that interest will be impaired by the absence.

*Weinstein-Bacal v. Wendt-Hughes*, 2012 WL 538235, at *3 (D. P.R. Feb. 17, 2012)

(internal quotation marks and citations omitted); *In re Mendez Garcia*, 2014 WL 1464850, at *2 (Bkrtcy. D. P.R. Apr. 15, 2014); *Axis Ins. Co. v. Hall*, 287 F.R.D. 110, 113-114 (D. Me. 2012); *Plymouth Yongle Tape (Shanghai) Co., Ltd. v. Plymouth Rubber Co., LLC*, 683 F. Supp.2d 102, 112 (D. Mass. 2009). "In deciding a motion to dismiss under Rule 12(b)(7), a court is 'not limited to the pleadings' and may consider 'other relevant extra-pleading evidence.'" *Axis Ins. Co.*, 287 F.R.D. at 113 (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 68 (3d ed. 2004) (additional citation omitted)); *Plymouth Yongle Tape (Shanghai) Co., Ltd.*, 683 F. Supp.2d at 112; *Colon v. Blades*, 570 F. Supp.2d 204, 209 (D. P.R. 2008); *Raytheon Co.*, 123 F. Supp.2d at 32. In order to carry its burden under Rule 12(b)(7), the moving party "may submit affidavits or other relevant evidence." *Blades*, 570 F. Supp.2d at 209 (internal citations omitted); *Weinstein-Bacal*, 2012 WL 538235, at *3; *Raytheon Co.*, 123 F. Supp.2d at 32.

Rule 19 deals with situations where "a lawsuit is proceeding without a party whose interests are central to the suit." *Bacardi International Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 9 (1st Cir.), *cert. denied*, 134 S. Ct. 640 (2013); *Charest v. Federal National Mortgage Association*, 9 F. Supp.3d 114, 129 (D. Mass. 2014). The Court is tasked with engaging in an analysis that is "fact-bound and driven by the nature of the issues" at hand. *Bacardi International*, 719 F.3d at 9–10; *Charest*, 9 F. Supp.3d

at 129. When undertaking this analysis, the Court must take into account the policies underlying Rule 19, "including the public interest in preventing multiple and repetitive litigation, the interest of the present parties in obtaining complete and effective relief in a single action, and the interest of absentees in avoiding the possible prejudicial effect of deciding the case without them." *Picciotto v. Continental. Cas. Co.*, 512 F.3d 9, 15–16 (1st Cir. 2008) (citation omitted); *Charest*, 9 F. Supp.3d at 129.

Rule 19 provides for joinder of required parties when feasible, Fed. R. Civ. P. 19(a), and for dismissal of suits when joinder of a required party is not feasible and that party is indispensable, Fed. R. Civ. P. 19(b). The First Circuit has explained the purpose of Rule 19 and how it works:

> Rule 19 is designed to protect the interests of parties who are not yet involved in ongoing litigation. To measure how critical those interests are, the rule instructs courts to engage in a two-part analysis. Parties should be joined, when feasible, if they are 'necessary to the action according to the criteria laid out in Rule 19(a). If a necessary party cannot be joined in the action without divesting the court of subject-matter jurisdiction, Rule 19(b) lays out additional criteria for determining whether the party is 'indispensable.' If the court finds that the party is anything less than indispensable, the case proceeds without her. If, on the other hand, the court finds that the litigation cannot proceed in the party's absence, the court must dismiss the case.

*Jimenez v. Rodriguez-Pagan*, 597 F.3d 18, 25 (1st Cir. 2010) (internal citations and footnote omitted). The Supreme Court has instructed that "the decision whether to

dismiss... [for nonjoinder] must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests." *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 119 (1968); *see also Picciotto,* 512 F.3d at 15-16.

## IV. Discussion

Delangis, the movant, bears the burden of proving that the homeowners are "necessary" and "indispensable" parties to this litigation. As evidence in support of his position, Defendant has submitted a copy of an antecedent complaint[1] filed by Annette and Paul Defarias and their two minor children in the Essex County Superior Court in Massachusetts on November 14, 2013. (#8, Exh. B.) The state case arises out of the same foundational set of facts as this federal case. In the state case, the Defariases and their children have sued several defendants to recover damages caused by the April 17, 2013 fire at their home. (#8, Exh. B.) Specifically, they have alleged a claim of negligence against Delangis for his failure to perform his contracted work at their home properly and safely (Count 2); a claim of negligent hiring and supervision against Lynn Economic Opportunity, Inc. for failing adequately to

---

[1] Defendant's counsel has filed an affidavit signed under the pains and penalties of perjury attesting that Exhibit B to the Motion to Dismiss is a true and accurate copy of the state court complaint. (#8-3.)

7

investigate and supervise Delangis (Count 3); a claim of negligence against Lynn Economic Opportunity, Inc. based on the master/servant relationship it had with Delangis (Count 4); a claim of negligence against National Grid for failing properly to supervise Lynn Economic Opportunity, Inc. and to insure that Lynn Economic Opportunity, Inc. hired competent contractors (Count 5); a claim of negligence against National Grid based on the agency relationship it had with Lynn Economic Opportunity, Inc. and Delangis (Count 6); and a claim for breach of contract against The Travelers Companies for breaching the insurance contract it had with the homeowners by failing to pay for the removal of all fire soot existing in their house as a result of the fire (Count 7).[2] (#8, Exh. B.) The Defariases seek damages for the property damage and personal injuries they purportedly have suffered, but they have not alleged a sum certain of damages.[3] (#8, Exh. B.)

---

[2] In Count 7 the Defariases allege that The Travelers Companies maintained a policy of insurance on their home at the relevant time providing coverage for the losses incurred. (#8, Exh. B ¶ 40.) In its brief (#10 at 3 n. 1.), Phoenix notes that, as set forth in its Corporate Disclosure Statement filed on March 11, 2014, "The Phoenix Insurance Company is an indirectly held, wholly owned subsidiary of The Travelers Companies, Inc., a publicly traded company." (#2.) Plaintiff further states that "[u]pon information and belief, Phoenix has not been served relative to" the Defariases' state court case. (#10 at 3 n.1.) However, Phoenix acknowledges that it may be a named defendant in the state court action by virtue of The Travelers Companies, Inc. having been named. (#10 at 9.)

[3] Delangis asserts that in their state court action the Defariases are "seeking damages in the amount of $42,864.45 for 'property damages,' and an undisclosed amount for 'incurred expenses to rent alternative housing while the house was repaired and damage to real property located at 14 Summer Drive, Saugus, MA' and personal injuries." (#8 at 2.) The specific dollar figure, $42,864.45, is not alleged in the complaint (#8, Exh. B) and Delangis has offered no evidence to support it.

8

A. Rule 19(a)—Necessary Party

As both parties point out, the Supreme Court held in *Aetna* that an insured party with a deductible is a necessary, but not indispensable party. *United States v. Aetna*, 338 U.S. 366, 382 (1949). Plaintiff notes that the term "necessary" was deleted from the language of Rule 19 post-*Aetna*[4] and as such "insured parties are no longer *per se* 'necessary' parties to the insurer's partial subrogation action." (#10 at 4, citing *Arkwright-Boston Manufacturers Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 209 (2d Cir. 1985)). More recently, the First Circuit described the term "necessary" as signifying "desirability rather than actual necessity," explaining that "[a]lthough Rule 19(a) no longer contains the word 'necessary,' the term has been retained by courts as convenient shorthand for the Rule 19(a) determination." *Jimenez*, 597 F.3d at 25, n. 3; *Picciotto*, 512 F.3d at 16, n. 10.

Under Rule 19(a), a party is considered to be "necessary" or required if:

> (A) in that person's absence, the court cannot afford complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in

---

[4] "Rule 19 underwent certain stylistic changes effective December 1, 2007. *See Picciotto v. Continental Casualty Co.*, 512 F.3d at 14 n. 8 (noting that "substance of the rule has not changed"). "'[T]he word 'required' replaced the word 'necessary' in subparagraph (a).'" *Republic of Philippines v. Pimentel*, 553 U.S. 851, 855, 128 S. Ct. 2180, 171 L. Ed.2d 131 (2008). "'[T]he word 'indispensable' '" was deleted. *Id.* at 856, 128 S.Ct. 2180." *Charest*, 9 F. Supp.3d at 129 n. 27.

the person's absence may:

> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1), Fed. R. Civ. P. A party need only "meet one of the three criteria in Rule 19(a) to show necessity." *Picciotto*, 512 F.3d at 16, n. 11; *Z & B Enterprises, Inc. v. Tastee-Freez Int'l, Inc.*, 162 Fed. Appx. 16, 20 (1st Cir. 2006).

Defendant contends that this case falls squarely under *Aetna*. Although there is no evidence in the record that the homeowners had a deductible on their insurance policy with Phoenix, the state court complaint demonstrates that the homeowners are asserting rights they claim to retain against Delangis over and above the amount that Plaintiff has paid. Because the homeowners have purportedly only been partially compensated for their losses, they remain real parties in interest with respect to litigation against Delangis and so are covered under the *Aetna* "necessary party" rationale. *Aetna*, 338 U.S. at 381-382.

The facts of this case are also encompassed within the First Circuit's definition of "desirability rather than actual necessity." *Jimenez*, 597 F.3d at 25, n. 3. To paraphrase then-Chief Judge Woodcock of the District Court of Maine: "It would be

desirable to have [the Defariases'] retained interest litigated at the same time as [Phoenix's] subrogated interest, to promote judicial efficiency and to minimize the possibility of prejudice to [the Defariases] and the risk to [Delangis] of inconsistent judgments and duplicative litigation." *Axis Ins. Co.*, 287 F.R.D. at 114.

It may be true, as Plaintiff argues, that the Defariases would not be necessary parties based on the risk of "inconsistent obligations." Phoenix relies on *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) for the proposition that:

> 'Inconsistent obligations' are not, however, the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed. R. Civ. P. 19(a).

*Id.* (internal citations omitted); *Barcardi International*, 719 F.3d at 12. That being said, the facts of this case can be distinguished. In *Delgado,* a woman who was a Puerto Rican resident sued the defendants in Puerto Rico as a result of having been raped on their premises in Puerto Rico. *Id.* at 2. The victim's father, a Florida resident, brought a diversity action against the same defendants in the federal court in

Puerto Rico seeking "damages for the emotional pain and anguish plaintiff suffered as a result of the rape of his daughter." *Id.* In other words, two different plaintiffs brought two separate and distinct causes of action arising out of the same event against the same defendants. As the First Circuit observed, "where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages." *Id.* at 3.

Here, the subrogee in the federal case and the subrogors in the state case are bringing the exact same claim against Delangis based on the exact same events seeking the exact same relief, i.e., recovery for damages caused by the house fire.[5] Essentially the identical litigation is being pursued in both forums. In light of this situation, an "existing party," Delangis, is subject to a "substantial risk" of incurring "double or multiple obligations." Defendant is undoubtedly facing duplicative litigation. It is unknown if issues of estoppel or preclusion could come into play. Since it appears likely that Phoenix, too, is involved in both lawsuits, the interest of judicial economy is not being served.

The alignment of the parties in these two civil actions potentially raises the question: what if the homeowners are successful in their suit against the insurance

---

[5] The amount of the damages to be recovered by Phoenix and the Defariases, respectively, likely differs in the two cases.

12

company and the insurance company pays additional damages? Assuming the insurance company is Phoenix, does this open the door to another subrogation suit against Delangis for the additional damages paid? Yet another issue, as noted by Judge Woodcock, is the insurance company's obligations to its insured. *Axis*, 287 F.R.D. at 115-116. The homeowners could well be impacted if Phoenix is successful in the federal case and collects $199,675.50 from Delangis. If the homeowners are thereafter successful in their suit against Delangis, will there be anything left to collect? Is the fiduciary duty owed by the insurance company to its insured implicated?

Having considered all of the facts and circumstances, the Court finds the Defariases to be required or necessary parties to this litigation under Rule 19(a)(1).

B. Rule 19(b) — Feasibility of Joinder and Indispensability

As has been noted, the Defariases and Defendant are both residents of the Commonwealth of Massachusetts. The parties agree that to join the Defariases would be to destroy diversity jurisdiction. (#8 at 1.; #10 at 6.) As such, joinder is not feasible and the Court must decide whether "the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The "critical question" under Rule 19(b), and thus key to whether a party is indispensable, is "whether in equity and good conscience the action may proceed in

[the party's] absence." *B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 23 (1st Cir. 2008) (internal quotation marks and citation omitted). Rule 19(b) delineates four non-exhaustive factors for the Court to consider in determining whether a party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

Fed. R. Civ. P. 19(b).

Culled

> [f]rom these factors, the Supreme Court has identified four corresponding interests: (1) the interest of the outsider whom it would have been desirable to join; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability it shares with another; (3) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies; and (4) the plaintiff's interest in having a forum.

*In re Olympic Mills Corp.*, 477 F.3d 1, 9 (1st Cir. 2007) (citing *H.D. Corp. of P.R. v.*

*Ford Motor Co.*, 791 F.2d 987, 992 (1st Cir. 1986) (citing *Provident Tradesmens Bank & Trust*, 390 U.S. at 108–11, 88 S. Ct. 733)). The First Circuit has stressed that "Rule 19(b) determinations must be based on fact-specific considerations ... involv[ing] the balancing of competing interests and must be steeped in pragmatic considerations." *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 635 (1st Cir. 1989) (internal citations and quotation marks omitted); *Picciotto*, 512 F.3d at 14; *In re Olympic Mills Corp.*, 477 F.3d at 9.

With respect to the first factor, a judgment in this case would be fully adequate as between Phoenix and Delangis. Since the Defariases are pursuing the same negligence claim against Delangis in the state action, it is unknown what, if any, issues of preclusion or estoppel may come into play between the two cases. Delangis is left to defend the same claim in two different arenas, which plainly is disadvantageous and prejudicial to him in terms of time, money, inconsistent rulings and judgments, etc. But the Defariases are not just suing Delangis, they are suing the insurance company that insured their home for the damages incurred in the fire. It is a curious circumstance to have Phoenix as subrogee of the Defariases suing Delangis in federal court, while apparently the insurance company itself is being sued by its insured based on the same events in the state court. From a practical perspective, it surely makes sense for all the claims to be decided together in a single lawsuit.

Turning to the second factor, this federal action was filed in March 2014, approximately three months after the state court case was commenced by the Defariases. Delangis has a strong interest in not having to defend the same claim on two fronts, in state court and federal court respectively. As noted in the Rule 19(a) discussion, the potential looms that Defendant could face the prospect of inconsistent relief and double obligations. There are no protective provisions to be taken. This factor favors dismissal.

It would further the interests of judicial economy and consistency to have all of the claims arising from the fire at the Defariases' home decided in one forum. There are more parties involved in the state case and for that reason alone the litigation will presumably be more complex. If this case is dismissed, Plaintiff points out that any case it files in state court will likely be consolidated with the homeowners' case and so it becomes involved in more complicated litigation. But a unique and particularly persuasive consideration here is that it seems likely that Phoenix, by virtue of its relationship with The Travelers Companies, is already a party to the state court action. If so, a cross-claim against Delangis would achieve the same purpose as this federal complaint and allow for efficient resolution of the issues. It is a waste of resources to have two sides of the same controversy proceeding in different courts. Litigating the claims arising out of the fire at the Defariases' home in the state

court where all of the interested parties can properly be joined "would lead to the most complete and efficient settlement of the dispute." *Dingwell*, 884 F.2d at 636. Taking a pragmatic approach, this factor heavily favors dismissal.

Phoenix admits that it could file an action against Defendant in the state court. Although Defendant would prefer not to become engaged in a more complex case due to consolidation, is seems likely that Phoenix (The Travelers Company) is already a party to that litigation. The federal claim against Delangis is redundant of the negligence claim against him in the state case although the measure of damages may vary. While Phoenix has in interest in proceeding in the forum of its choice, Plaintiff undeniably has an adequate remedy if its case is dismissed.

In sum, the unique facts of this case and practical considerations tilt the scale in favor of dismissal.

## V. CONCLUSION

For all the reasons stated, I RECOMMEND that the Motion To Dismiss Of The Defendant, William Delangis d/b/a/ American Door, Window & Insulation (#8) be ALLOWED and that the complaint be DISMISSED WITHOUT PREJUDICE.

## VI. REVIEW BY DISTRICT JUDGE

The parties are hereby advised that any party who objects to this recommendation must file specific written objections with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The objections must specifically identify the portion of the recommendation to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

February 17, 2015

/s/ M. Page Kelley  
M. Page Kelley  
United States Magistrate Judge